UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OLIVER,<br>GDC ID: 1002060648,<br><br>                              Plaintiff,<br><br>vs.<br><br>SCRAM OF CALIFORNIA, INC. and DOES 1–10, inclusive,<br><br>                              Defendants. | Case No.: 21-CV-1590 TWR (AGS)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE**<br><br>(ECF Nos 1, 2) |

On September 7, 2021, Plaintiff Anthony Oliver, currently incarcerated at the Wilcox State Prison in Abbeville, Georgia, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, (ECF No. 1 ("Compl.")), and a Motion to Proceed *in Forma Pauperis* ("IFP"). (ECF No. 2 ("Mot.").)  He alleges that Defendant SCRAM of California, Inc. ("SCRAM"), a California corporation, has engaged in racketeering activity, has perpetrated an unlawful taking in violation of the Fifth Amendment, and has defrauded him. (*See generally* Compl.)

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> [I]f [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations and brackets omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  To constitute a strike, a dismissal must be based on one of the enumerated grounds contained in 28 U.S.C. § 1915(g).  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (citing 28 U.S.C. § 1915(g) (enumerating grounds as "dismissed on the grounds it is frivolous, malicious, or fails to state a claim upon which relief may be granted")).  "In other words, '(w)hen we are presented with multiple claims within a single action, we assess a PRLA strike only when the "case as a whole" is dismissed for a

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52, which does not apply to persons granted leave to proceed IFP.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

qualifying reason.'" *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019) (quoting *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (quoting *Cervantes*, 493 F.3d at 1054)). A prisoner who has accumulated three strikes is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52.

Based on the dockets of court proceedings available on PACER,[2] the Court finds that Plaintiff Anthony Oliver has had at least three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1. Order, *Oliver v. Reays Ranch Investors, et al.*, No. 4:10-cv-00158-JMR-PSOT (D. Ariz. Mar. 15, 2010), ECF No. 22 (dismissing complaint for failing to state a claim and stating the dismissal constitutes a "strike" under 28 U.S.C. § 1915(g));

2. Order, *Oliver v. Sloane, et al.*, No. 4:10-cv-00169-JMR-PSOT (D. Ariz. Mar. 24, 2010), ECF No. 17 (dismissing complaint for failing to state a claim and stating the dismissal constitutes a "strike" under 28 U.S.C. § 1915(g)); and

3. Order, *Oliver v. Monson, et al.*, No. 0:10-cv-04218-ADM-JJG (D. Minn. Oct. 13, 2010), ECF No. 8 (adopting R&R and dismissing complaint on grounds it was frivolous, malicious, or fails to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)).

In addition, district courts in both the Northern and Southern District of Georgia have found that Oliver has accumulated three strikes and have dismissed his cases pursuant to 28 U.S.C. § 1915(g). *See* Order, *Oliver v. Kemp*, No. 1:19-cv-05014-TCB (N.D. Ga. Dec. 11, 2019), ECF No. 6 (adopting recommendation of magistrate judge to dismiss case

---

[2] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

pursuant to § 1915(g); Order, *Oliver v. Chatham Cty., et al.*, No. 4:21-cv-00130-CLR (S.D. Ga. Sept. 10, 2021), ECF No. 18 (denying motion to suspend contempt bond and dismissing case pursuant to § 1915(g)).  Oliver also has been found to be a vexatious litigant in the Southern District of Georgia, where he is subject to a prefiling review order and must post a $1,000 contempt bond before he may file any new civil action, *see* Order, *Oliver v. Chatham Cty., et al.*, No. 4:21-cv-00130-CLR (S.D. Ga. Apr. 27, 2021), ECF No. 18, and in the Central District of California.  *See* Order, *Oliver v. Luner, et al.*, No. 2:18-cv-02562-VAP-AFM (C.D. Cal. Mar. 18, 2018), ECF No. 99.

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by Section 1915(g), to be entitled to proceed IFP in this action he must make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint.  *See Cervantes*, 493 F.3d at 1055.  Oliver alleges in his Complaint that in February of 2016, he was arrested at the U.S./Mexico border for driving under the influence. (Compl. at 4.)  He posted bond and, as part of his conditions of release, he was required to enroll in an alcohol monitoring program with a company named SCRAM. (*Id.*)  He was required to pay a $325.00 enrollment fee and a bi-weekly fee of $225.00 to SCRAM for this service. (*Id.*)  On April 4, 2016, SCRAM reported to the San Diego County Superior Court that Oliver had consumed alcohol in violation of his conditions of release, and the San Diego Superior Court issued an arrest warrant. (*Id.* at 4–5.)  Oliver contends SCRAM's report was false, and he filed a lawsuit against SCRAM. (*Id.* at 5–6.)  According to Oliver, SCRAM then told Oliver to "cut off the SCRAM device, ankle monitor, and all of its accessories and mail the equipment back to the SCRAM office," which Oliver did. (*Id.* at 6.)  SCRAM allegedly told Oliver he was no longer enrolled in the SCRAM program and that SCRAM would no longer charge Oliver the bi-weekly fee. (*Id.*)  Oliver alleges that SCRAM nevertheless continued to deduct money from his bank accounts and credit cards. (*Id.* at 6–12.)

To qualify for Section 1915(g)'s imminent danger exception, the danger Plaintiff alleges he faces must be real, proximate, and/or ongoing at the time he filed his Complaint.

1 *Cervantes*, 493 F.3d at 1056.  Oliver's Complaint does not contain a "plausible allegation"
2 to suggest he "faced 'imminent danger of serious physical injury' at the time of filing."
3 *Cervantes*, 493 F.3d at 1055, quoting 28 U.S.C. § 1915(g).  Accordingly, the Court
4 **DENIES** Plaintiff's Motion to proceed IFP.  Plaintiff may proceed with this action after
5 paying the filing fee. *See Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. Section
6 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes
7 prisoners with a history of abusing the legal system from continuing to abuse it while
8 enjoying IFP status"); *see also Weller v. Dixon*, 314 F.2d 598, 600 (9th Cir. 1963) (holding
9 that permission to proceed IFP is a privilege within the discretion of the court).

## CONCLUSION

For the reasons set forth above, the Court (1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. Section 1915(g); and (2) **DISMISSES** Plaintiff's Complaint for failure to satisfy the filing fee requirement.  *Unless Plaintiff pays the full civil filing fee <u>within forty-five (45) days of the date this Order is filed</u>, the Court will enter a final judgment of dismissal.*

**IT IS SO ORDERED**.

Dated:  September 16, 2021

_____
Honorable Todd W. Robinson
United States District Court